IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAIL ALLEMAN, on behalf of herself and the class members described below, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| COLLECTION PROFESSIONALS, INC., | ) ) |
| Defendant. | ) |

## **COMPLAINT – CLASS ACTION**

### **INTRODUCTION**

1. Plaintiff Gail Alleman brings this action to secure redress from unlawful collection practices engaged in by defendant Collection Professionals, Inc.

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law through the charging of prohibited fees for accepting payments.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because two of defendant's three offices are located within this District and the conduct complained of took place in material part in this District.

10. Plaintiff has a congressionally defined right to have any communications regarding an alleged debt be accurate.

11. Plaintiff has thus suffered an injury as a result of defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

12. Plaintiff Gail Alleman is a resident of Mt. Zion, Illinois.

13. Defendant Collection Professionals, Inc. is an Illinois corporation that operates a

...

collection agency. It has offices at 723 First Street, LaSalle, IL 61301; 400 N. Dudley St., Macomb, IL 61455; and 1256 W. Jefferson, Joliet, IL 60435. Its registered agent is Scott Edwards, 400 N. Dudley St., Macomb, Illinois 61455.

14. Collection Professionals, Inc. uses the mails and telephone to collect consumer debts owed to others. It often takes assignments of medical debts for collection purposes and files suit in its own name as assignee for collection.

15. Collection Professionals, Inc. holds a collection agency license from the state of Illinois.

16. Collection Professionals, Inc. has a website (https://www.collprofinc.com/) on which it states: "Have a collection problem? We have the solution. Specialists in debt recovery for over 60 years!"

17. Collection Professionals, Inc. is a debt collector as defined in the FDCPA.

## FACTS

18. Defendant has been attempting to collect alleged health care bills from plaintiff.

19. On November 5, 2016, November 21, 2016, December 7, 2016, December 22, 2016, January 11, 2017, February 17, 2017, March 10, 2017, and April 7, 2017 defendant sent plaintiff the letters attached as Exhibits A-H. The letters invited plaintiff to pay online.

20. On or about March 19, 2017, plaintiff paid $40.22 toward one of the bills online.

21. In addition to the actual amount of the bill, plaintiff was charged a $3.00 "service fee" for paying online, for a total of $43.22.

22. Attached as Exhibit I is a screen shot of the payment transaction.

23. Attached as Exhibit J are screen shots of defendant's websites stating that defendant charges a "$3.00 processing fee".

24. It is unlawful for a collection agency in Illinois to charge a fee that is not authorized by the underlying contract between the consumer and the creditor.

25. 225 ILCS 425/9(a)(33) makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee."

26. No agreement signed by plaintiff, and on information and belief none of the agreements that defendant seeks to enforce, provides for a fee for payment online.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(10), 1692f and 1692f(1) by charging fees for online payments when such fees were prohibited under state law.

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

30. The class consists of (a) all individuals in Illinois, (b) who paid defendant a fee for handling an online payment (c) on or after a date 1 year prior to the filing of this action.

31. On information and belief, the class is so numerous that joinder of all members is not practicable.

32. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    Whether defendant has a practice of charging fees for online payments;

    b.    Whether such fees are prohibited by Illinois law;

    c.    Whether such fees are authorized by any contract which defendant is seeking to enforce;

    d.    Whether the collection of such fees violates the FDCPA.

33.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

35.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible;

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i.    Statutory damages ($1,000 per plaintiff per alleged debt and the lesser of $500,000 or 1% of defendant's net worth for the class);

    ii.    Actual damages, including all fees collected;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

36.    Plaintiff incorporates paragraphs 1-26.

37.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

38. Defendant violated 225 ILCS 425/9(a)(33) by charging fees for online payments when such fees were prohibited under state law.

39. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

41. The class consists of (a) all individuals in Illinois, (b) who paid defendant a fee for handling an online payment (c) on or after a date 5 years prior to the filing of this action.

42. On information and belief, the class is so numerous that joinder of all members is not practicable.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant has a practice of charging fees for online payments;

    b. Whether such fees are prohibited by Illinois law;

    c. Whether such fees are authorized by any contract which defendant is seeking to enforce;

    d. Whether the collection of such fees violates the ICAA.

44. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

46. A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible;

      b.      Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

      i.      Actual damages, including all fees collected;

      ii.      Punitive damages;

      iii.      Costs of suit;

      iv.      Such other and further relief as the Court deems proper.

### COUNT III – ILLINOIS CONSUMER FRAUD ACT

47.    Plaintiff incorporates paragraphs 1-26.

48.    Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by charging fees for online payments when such fees were prohibited under state law.

### CLASS ALLEGATIONS

49.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

50.    The class consists of (a) all individuals in Illinois, (b) who paid defendant a fee for handling an online payment (c) on or after a date 3 years prior to the filing of this action.

51.    On information and belief, the class is so numerous that joinder of all members is not practicable.

52.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.      Whether defendant has a practice of charging fees for online payments;

      b.      Whether such fees are prohibited by Illinois law;

      c.      Whether such fees are authorized by any contract which defendant is

seeking to enforce;

      d.     Whether the collection of such fees is unfair or deceptive.

53.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

54.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

55.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible;

      b.     Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

      i.     Actual damages, including all fees collected;

      ii.     Punitive damages;

      iii.     An injunction against the practices complained of;

      iv.     Attorney's fees, litigation expenses and costs of suit;

      v.     Such other and further relief as the Court deems proper.

                s/ Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Patricia N. Jjemba
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

  Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                s/ Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\34597\Pleading\Complaint dae_Pleading.WPD