IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GALE ALLEMAN, on behalf of plaintiff and a class, | ) )  Case No.: 1:17-cv-09294 |
| Plaintiff, | ) )  Judge: Hon. Marvin E. Aspen )  )  Magistrate Judge Michael T. Mason |
| v. | ) ) |
| COLLECTION PROFESSIONALS, INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION TO STAY AND LIMITED OBJECTION TO THE MAGISTRATE JUDGE'S OCTOBER 23, 2018, DISCOVERY ORDER**

Defendant, COLLECTION PROFESSIONALS, INC., by and through its attorneys, Justin M. Penn and Louis J. Manetti, Jr. of Hinshaw & Culbertson, LLP, pursuant to Federal Rule of Civil Procedure 72(a), presents the instant limited objection and motion to stay enforcement of the October 23, 2018 discovery order, and in support thereof, states:

**INTRODUCTION**

This motion seeks a very limited review and stay of enforcement of a portion of the magistrate judge's order forcing the defendant, Collection Professionals, Inc., to spend over 100 hours creating and producing a class list—before the class has been certified. The plaintiff's motion for class certification is being briefed without any party seriously claiming to need such a list, and with the Defendant having explained in defense to certification that the list's very compilation prohibits class certification. There is simply no prejudice to delaying the creation of a class list until this Court determines if the class should be certified, as that is routinely the process in class actions.

## BACKGROUND

The plaintiff, Gail Alleman, has filed a putative class action under the Fair Debt Collection Practices Act. She alleges that Collection Professionals's payment vendor improperly charged her a service fee for making an online payment. In discovery, she sought the complete files for any person who paid an online service fee. Collection Professionals responded that, based on the information readily available to it, it could not provide the information because of the varying and inconsistent payment schedules for each person making a payment, including the fact that not every payment included a convenience fee, necessitating an individual review of its records to even identify who would be a putative class member.

This sparked a discovery dispute for the information during which counsel for Collection Professionals explained that the vendor reports were useless by themselves because they do not break out the convenience fees (a fact borne out by their production). Collection Professionals's counsel offered to provide a sampling of the reports to show that they did not break out convenience fees, and offered to preserve all of the evidence unless and until a class was certified. Plaintiff ultimately subpoenaed the reports from the vendors, and they demonstrate there is no breakdown of which payments included a convenience fee.

Alleman's counsel filed a motion to compel seeking that Defendant review its records manually and produce a class list. Plaintiff argued that the names and last known addresses of every individual who paid a fee for making an online payment were relevant to determining class size and "necessary in order to determine whether Plaintiff's case can go forward as a class action[.]" (Dkt. No. 27 at 5-6.) But then, three days later, she filed a motion to certify the class. (Dkt. No. 32.) And although the motion to certify argued that elements such as commonality and typicality were met, Alleman did not argue that she needed additional evidence—such as the identity of individual class members—to argue her position. (Dkt. No. 34 at 8-12.)

Collection Professionals responded to the motion to compel, and reiterated that the vendor records could not, by themselves, be used to determine if a person paid a fee when he or she made an online payment because Collection Professionals's representatives could—and frequently did—waive the fee. (Dkt. No. 53 at 5-6.) The only way to determine if a fee were paid, and thus a person in the putative class, would be to cross reference the total amount paid (reflected in the vendor's records) with the amount of money actually applied to the debt (reflected in Collection Professionals's records). (*Id.* at 6.) If the total amount paid to the vendor was more than the amount applied to the debt, a fee was paid. (*Id.* at 6-7.)

On October 23, 2018, the magistrate judge entered an order compelling Collection Professionals to provide Alleman "the names and addresses of natural persons in Illinois who paid defendant a fee for handling an online payment[.]"[1] (Dkt. No. 62 at 4.)

During this time, and despite the fact that Alleman claimed that the identification information was necessary to determine whether class litigation was even possible, the parties briefed Alleman's motion to certify the class, and as of November 2, 2018, Alleman has filed her reply brief in support of the motion. Defendant did not contest the numerosity element, and it is not clear from either the brief supporting the motion for class certification or the motion to compel why Plaintiff needs the class list prior to certification.

## **ARGUMENT**

The magistrate judge's discovery order forcing Collection Professionals to expend more than 100 work hours creating the class list—before class certification is deemed appropriate—was clearly erroneous and contrary to law. The district court's review of discovery-related decisions by

---

[1] A subsequent order modified the time frame for which the information was to be provided, and altered the deadline for Collection Professionals to provide this information to Alleman, but kept the type of information required intact. (Dkt. No. 65.) The order also compels production of other information which is not subject to the instant motion and limited objection.

3

the magistrate judge is governed by Rule 72(a). *U.S. EEOC v. DolGenCorp, LLC*, No. 13 cv 4307, 2015 U.S. Dist. LEXIS 154842, at *2 (N.D. Ill. Nov. 17, 2015) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)). Under the rule, a party has 14 days from the date the order is served to object. Fed. R. Civ. P. 72(a). When a party objects to a magistrate judge's discovery order, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *U.S. EEOC*, 2015 U.S. Dist. LEXIS 154842 at *2-3 (citing Fed. R. Civ. P. 72(a)).

### a) The decision is clearly erroneous because it did not properly weigh the proportionality of the burden against the present need for the information.

As an initial matter, Defendant respectfully submits that the portion of the Magistrate's decision compelling Defendant to individually review its records is clearly erroneous in its curt treatment of weighing the proportionality of the request. The federal rules recognize that discovery requests must be proportional to the needs of the case: parties may obtain discovery on nonprivileged matter relevant to any party's claim or defense "and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Simon v. Northwestern Univ.*, No. 1:15 cv 1433, 2017 U.S. Dist. LEXIS 15229, at *5 (N.D. Ill. Feb. 3, 2017) (noting that the 2015 amendments to the rules "confirmed the concept of 'proportionality' by adding it to the language of Rule 26(b)(1).").

The Magistrate concluded, after expressing sympathy for Collection Professionals's position, that "[b]ecause the information sought goes to the heart of plaintiff's proposed class-action lawsuit, namely which other individuals were charged service fees, we find that the request is proportional to

4

the needs of the case." (Dkt. No. 62 at 3.) But the opinion lacks any meaningful examination of why this information is presently necessary—indeed, the magistrate judge did not squarely address any of the six proportionality factors listed in Rule 26(b). The conclusion that the nature of a class action requires this information to be produced does not take into account the fact that class lists are routinely produced after class certification. In short, the magistrate judge concluded that a class list would be necessary as part of Alleman's class litigation to identify class membership, but he did not explain why the list is needed now, before the class even exists, and why this need outweighs the burden to Collection Professionals. It is not clear why a class list is central to the case other than for purposes of notice. Indeed, Plaintiff filed her motion for class certification without this information, and did not mention a need for it in the briefs.

And the burden placed on Collection Professionals is severe and not proportional to its current need. The magistrate judge ordered Collection Professionals to produce a list of the names and addresses of people who paid its vendors a fee for handling an online payment. (Dkt. No. 62 at 4.) As previously pointed out by Collection Professionals, a list containing this information does not yet exist: creating it would involve cross referencing two different paper records, and Collection Professionals estimates that the project would take over 100 hours to complete. (Dkt. No. 53 at 7; 53-2 at 4-5.) Worse still, Collection Professionals is a small company, with only about 17 employees split between two office locations. (Dkt. No. 53-2 at 5.) Completing this project would grind Defendant's operations to a standstill.

More problematic is that the failure to weigh the burden versus the benefit could result in the unintentional adjudication of the argument, now briefed in the pending motion for class certification, that this very process is what prohibits class certification. As explained in Defendant's response in opposition to class certification, this case is not appropriate for class treatment because the fact finder will ultimately have to perform the very review of the Defendant's records that the

5

Magistrate ordered. (Dkt. No. 70 at 21-23.) Defendant has explained that this review is itself a basis to deny class certification.

In the event this Court agrees with Defendant, and in the event this process itself warrants denial of class certification, then this endeavor will be pointless. In the event this Court disagrees, and certifies a class, it can then order the class list be produced. Plaintiff has failed to articulate why she needs the class list at this moment, and as such, the instant needs of the case do not outweigh the extreme burden in producing the class list.

> **b)** **The decision is contrary to law; class lists are routinely not ordered produced until after class certification where, as here, there is no need to identify the putative class.**

The forced production is contrary to law because class lists are relevant post-certification to notify class members of the lawsuit, and their production pre-certification is disfavored and limited to certain circumstances that aren't present here. There is a fundamental difference between needing a class list post-certification to alert the then-existing class about the lawsuit and a class list's allowed purpose pre-certification. The United States Supreme Court noted that although class list information could be relevant for a Rule 23 analysis under certain circumstances, "[r]espondents make no such claims of relevance, however, and none is apparent here. Moreover, it may be doubted whether any of these purposes would require compilation of the names and addresses of *all* members of a large class." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 355 n.20 (1978) (emphasis in original). It emphasized, "[t]here is a distinction in principle between requests for identification of class members that are made to enable a party to send notice, and requests that are made for true discovery purposes." *Id.*

Courts are "very cautious" about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage, to the point that they "disfavor" the requests. *See Charles v. Nationwide Mut. Ins. Co.*, No. 09 cv 94, 2010 U.S. Dist. LEXIS 143487, at

6

*13-14 (E.D.N.Y. May 27, 2010) (quoting *Calabrese v. CSC Holdings, Inc.*, No. 02 cv 5171, 2007 U.S. Dist. LEXIS 16059, at *6 n.7 (E.D.N.Y. Mar. 7, 2007)). "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, *rather than to establish the appropriateness of certification.*" *Dziennik v. Sealift, Inc.*, 2006 U.S. Dist. LEXIS 33011, at *3 (E.D.N.Y. May 23, 2006) (emphasis added) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985)).

Courts in this district have denied motions to compel such class lists pre-certification when such requests are made "without any reason to find that the requested information will be relevant to the litigation other than Plaintiffs' assertion that the [persons] are 'putative' members of the class", and have noted that while "[t]he full employee list will be necessary and relevant after class certification, but Plaintiffs need not rely upon it at this stage in order to show that they are entitled to class certification." *Kernats v. COMCAST Corp.*, No. 09 C 3368, 2010 U.S. Dist. LEXIS 20276, at *4, 8-9 (N.D. Ill. Jan. 14, 2010); *see also Luna v. Kellogg Co.*, No. 11 C 2175, 2011 U.S. Dist. LEXIS 119217, at *3-4 (N.D. Ill. Oct. 14, 2011) (allowing discovery about identities because the information was relevant "on the issue of certification", but acknowledging that "no class has yet been certified and that disclosure of what Defendant characterizes as 'essentially a class list' to Plaintiff's counsel at this point could lead to inappropriate dissemination of a truncated and uncontrolled 'class notice' before the Court has determined that class treatment is appropriate.").

Simply put, unless the list is necessary to show that *certification* is appropriate, the class list isn't necessary pre-certification because it's not relevant to the litigation until a class exists. *See, e.g., Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 245 (N.D. Ill. 2014) (quoting *Boundas v. Abercrombie & Fitch Stores, Inc.*, 280 F.R.D. 408, 417 (N.D. Ill. 2012)) ("[a]s a court in this district has pointed out, a court need not ascertain 'absent class members' actual identities . . . before a class can be certified."); *CE Design v. Beatty Constr., Inc.*, No. 07 C 3340, 2009 U.S. Dist. LEXIS 5842, at *9

7

(N.D. Ill. Jan. 26, 2009) (reviewing cases where "the court rejected the notion that a master list of potential plaintiffs is necessary for class certification[.]"); *Balbarin v. N. Star Capital Acquisition, LLC*, No. 10 C 1846, 2011 U.S. Dist. LEXIS 58761, at *2 (N.D. Ill. June 1, 2011) (emphasis added) (noting that "*[o]nce the class definition was certified in this case*, defendant produced to plaintiff a list of purported class members.").

Alleman does not claim that individual identity and contact information is necessary to prove some other requirement imposed by Rule 23, such as commonality or typicality. (Dkt. No. 34 at 7-12; Dkt. No. 71 at 4-8.) Those are the instances in which courts potentially allow production of a pre-certification class list, and they are not present here. Notably, Defendant did not challenge numerosity (Dkt. No. 70 n.3), and contrary to Alleman's declaration in the motion to compel that a class list was necessary to establish class size (Dkt. No. 27 at 5), she argues in her motion to certify that the numerosity requirement was "clearly met" (Dkt. No. 34 at 8). Thus, the circumstances under which it could be argued that a class list is required pre-certification don't exist here.

Tellingly, Alleman was able to move for class certification and express her arguments for why she believed certification was appropriate three days after she moved to compel the information, (Dkt. Nos. 27, 32) and as of November 2, 2018, her motion to certify the class has an opposing response brief and a supporting reply brief—more than three weeks before Collection Professionals's deadline to produce the class list (Dkt. No. 38).

It's undisputed that Alleman does not need the class list to properly argue class certification—the motion has been briefed without it. So there is no legitimate reason why the class list needs to be created and produced before the potential class even exists. Courts typically and rightly are cautious of and disfavor turning over class lists before certification, for the risk that they will be used for reasons other than for certification. That is precisely the case here, where, for

whatever reason Alleman wants a class list at this time, it cannot be for the reason of arguing certification. That part of the litigation has passed.

In sum, the discovery burden placed on Collection Professionals does not involve simple class data or information relevant to certification requirements. Instead, the magistrate judge ordered Collection Professionals to create and produce a pre-certification class list. This more than 100-hour task heaped on a small company is not relevant to the current issues in the case, and its forced creation and production should be modified.

      c)      **The class list should be ordered to be produced only in the event the class is certified, and this Court should stay enforcement of the Order or sustain Defendant's objection.**

In the alternative, this Court should stay Collection Professionals's obligation to create and produce the class list until Alleman's pending motion to certify class has been resolved. District courts enjoy extremely broad discretion in controlling discovery. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). Under civil procedure Rules 26(c) and (d), a court may limit the scope of discovery or control its sequence. *Id.* (citing *Crawford-El*, 523 U.S. at 574); *see also Towne Mortg. Co. v. General Star Nat'l Ins. Co.*, No. 1:15 cv 1374, 2015 U.S. Dist. LEXIS 193885, at *1-2 (S.D. Ind. Dec. 22, 2015) (citing *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006)) (noting that "[t]he court has broad discretion to control discovery, including discretion to stay discovery pending a decision on motions that seek to dismiss a case or to substantially limit its scope.").

Courts have stayed discovery pending the resolution of motions to certify a class. *See, e.g., Harris v. comScore, Inc.*, No. 11 cv 5807, 2012 U.S. Dist. LEXIS 27665, at *14, 23 (N.D. Ill. Mar. 2, 2012) (staying certain discovery in a class action because "the following issues are not relevant to the class certification analysis because they do not touch on any of the four prongs of Rule 23(a)".);

9

*Rietdorf v. City of Fort Wayne*, No. 1:15 cv 113, 2015 U.S. Dist. LEXIS 152179, at *4 (N.D. Ind. Nov. 10, 2015) (staying discovery pending the judge's ruling on a motion to deny class certification).

In this case, as of November 2, 2018, Alleman's motion to certify the class is briefed and awaiting disposition. (Dkt. Nos. 32, 70, 71.) Even if this Court disagrees with Collection Professionals's argument that the magistrate judge's order forcing it to create and produce a class list was in error or contrary to law, the motion to certify has already been argued on paper and can be decided without a class list. And if the motion to certify the class fails, the production of the class list will be moot. Thus, if the Court is not willing to strike the portion of the magistrate judge's order requiring it to create and produce a class list, Collection Professionals asks that this Court stay its obligation to comply with that portion of the order until and unless the briefed motion to certify class is granted.

WHEREFORE, Defendant, COLLECTION PROFESSIONALS, INC., respectfully requests that this Court strike the portion of the magistrate judge's October 23, 2018 order requiring Collection Professionals to produce the names and addresses of natural persons in Illinois who paid defendant a fee for handling an online payment (Dkt. No. 62); or, in the alternative, stay its obligation to comply with that portion of the order until and unless the briefed motion to certify class is granted, and for any further relief that this Court deems equitable and just.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        /s/Louis J. Manetti, Jr.
        Louis J. Manetti, Jr.

Justin M. Penn
Louis J. Manetti, Jr.
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500

302780289v1 1005255

Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
lmanetti@hinshawlaw.com
Attorneys for Defendant

302780289v1 1005255

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2018, a copy of the forgoing Motion to Stay and Limited Objection to the Magistrate Judge's October 23, 2018 Discovery Order was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: /s/ *Louis J. Manetti, Jr.*

302780289v1 1005255