UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAIL ALLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17 C 9294 |
| ) | Hon. Marvin E. Aspen |
| COLLECTION PROFESSIONALS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Gail Alleman ("Alleman") brought this action alleging Defendant Collection Professionals, Inc. ("Collection Professionals") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2, by charging her fees for an online payment towards a health care debt on which Defendant has been attempting to collect, because the underlying agreement giving rise to the debt did not authorize such a fee. (*See generally* Compl. (Dkt. No. 1).) Before us is Alleman's motion for class certification. (Mot. for Class Cert. ("Mot.") (Dkt. No. 32).) For the reasons stated below, we deny Plaintiff's motion for class certification.

**BACKGROUND**

Defendant is a debt collector who attempted eight times from November 2016 to April 2017 to collect alleged health care bills from Alleman. (Compl. ¶¶ 13, 17, 18–19.) On March 19, 2019, Alleman paid the amount of the bills, plus a $3.00 fee assessed by Defendant as a "service fee" for paying online. (*Id.* ¶¶ 20–21, 23.) Alleman alleges on information and belief

that "none of the agreements that defendant seeks to enforce, provides for a fee for payment online." (*Id.* ¶ 26.) Alleman contends these service fees violate Illinois and federal law because they were not authorized by the underlying contracts giving rise to the debts, and so brings claims on behalf of herself and a putative class pursuant to the FDCPA, ICAA, and ICFA. (*Id.* ¶¶ 27–55.) Alleman proposes three classes:

> The FDCPA class: (a) all individuals in Illinois, (b) who paid defendant a fee for handling an online or telephone payment (c) on or after a date 1 year prior to December 27, 2017, the date of filing of the action.
>
> The ICAA class: (a) all individuals in Illinois, (b) who paid defendant a fee for handling an online or telephone payment (c) on or after a date 5 years prior to December 27, 2017, the date of filing of the action.
>
> The ICFA class: (a) all individuals in Illinois, (b) who paid defendant a fee for handling an online or telephone payment (c) on or after a date 3 years prior to December 27, 2017, the date of filing of the action.

(Mem. ISO Mot. for Class Cert. ("Mem.") (Dkt. No. 34) at 1–2.)[1]

## LEGAL STANDARD

Before we may certify a class, we must find that the proposed class action meets Federal Rule of Civil Procedure 23(a)'s requirements:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, the proposed class action must satisfy one of Rule 23(b)'s four conditions. Fed. R. Civ. P. 23(b); *Bell v. PNC, Nat. Ass'n*, 800 F.3d 360, 373 (2015). Plaintiff

---

[1] The parties dispute whether the classes as proposed in Alleman's motion for class certification differ materially from those she proposed in her complaint. (Resp. at 10–12; Reply at 2–4.) Because our reasons for denying Alleman's motion are unrelated to this issue, we decline to decide it here.

brings her proposed class action pursuant to Federal Rule of Procedure 23(b)(3), which "allows for class certification when 'questions of law or fact common to the class members predominate over any questions affecting individual members' and when a 'class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Bell*, 800 F.3d at 373 (quoting Fed. R. Civ. P. 23(b)(3)). (Compl ¶¶ 29, 40, 49.) "The party seeking certification bears the burden of demonstrating that certification is proper by a preponderance of the evidence." *Id.* (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012)). "Failure to meet any one of the requirements of Rule 23 precludes certification of a class." *Harriston v. Chi. Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (quoting *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976)).

## ANALYSIS

### I. Commonality and Predominance[2]

Plaintiff argues that the commonality and predominance requirements are met here because Defendant "acted in an identical manner with respect to all class members" by charging a fee that was prohibited by state law to all individuals "who attempted to pay defendant on-line or over the phone." (Mem. at 9.) Defendant argues that Alleman fails to meet Rule 23(a)'s commonality requirement because "the evidence needed to resolve the claim of each class member will require individual inquiries into that class member's specific contract terms." (Resp. (Dkt. No. 70) at 15.) That is, it argues that resolution of the potential class members' claims requires determining whether the contracts giving rise to the debts authorized Defendant

---

[2] We analyze these requirements together, as they "overlap in ways that make them difficult to analyze separately." *Bell*, 800 F.3d at 374; *see, e.g.*, *Pavone v. Meyerkord, LLC*, 321 F.R.D. 314, 319 (N.D. Ill. 2017) (jointly analyzing commonality and predominance given their overlapping requirements).

to collect the fees that are the subject of this action. (*Id.*) Defendant further contends that "Alleman cannot prove predominance of common questions because litigating the claims will necessarily require an inquiry into each class member's specific contract with their creditor." (*Id.* at 21.)

Rule 23(a)(2) requires that plaintiffs may bring a class action only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157, 102 S.Ct. 2364, 2366 (1982)). Moreover, a "common question 'must be of such a nature that it is capable of classwide resolution' in order to satisfy the requirements of Rule 23(a)(2)." *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 553 (7th Cir. 2016) (quoting *Wal-Mart*, 564 U.S. at 350, 131 S. Ct. at 2551). That is, the common question must be such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Jamie S. v. Milwaukee Public Schs.*, 668 F.3d 481, 497 (7th Cir. 2012) (quoting *Wal-Mart*, 564 U.S. at 350, 131 S. Ct. at 2551). "What matters to class certification . . . [is] the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350, 131 S. Ct. at 2551 (internal quotations and citation omitted).

Rule 23(b)(3) "permits class certification only if the questions of law or fact common to class members 'predominate' over questions that are individual to members of the class." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814 (7th Cir. 2012). The predominance standard is akin to Rule 23(a)'s commonality requirement, but "the predominance criterion is far more demanding." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624,

4

117 S. Ct. 2231, 2250 (1997). "The predominance requirement is met when common questions representant a significant aspect of a case and can be resolved for all members of the class in a single adjudication." *Riffey v. Rauner*, 873 F.3d 558, 565 (7th Cir. 2017) (citing *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016), *vacated on other grounds by* 138 S. Ct. 2708 (Mem). Individual questions predominate where "the members of a proposed class will need to present evidence that varies from member to member," whereas common questions predominate when "the same evidence will suffice for each member to make a prima facie showing." *Messner*, 669 F.3d at 815 (internal quotations omitted) (quoting *Blades v. Mansanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)).

At the outset, Alleman contends that Defendant has waived its predominance arguments based on contractual authorization by failing to allege them as an affirmative defense. (Reply (Dkt. No. 71) at 4.) Alleman provides no support, nor has the Court located any, for her waiver argument. While Alleman contends that Defendant "has the burden of alleging and proving" that the underlying contracts authorized such fees, (Reply at 4), neither Alleman nor the potential class members could recover damages simply because Defendant assessed fees for their payment of their debts. Rather, damages are available only for such fees that were not authorized by the contracts giving rise to the debt or that were not permitted by law. *See* 15 U.S.C. § 1692(f)(1); 225 ILCS 425/9(a)(33). (*See also* Compl. ¶¶ 32, 43, 52.) Ultimately, Alleman bears the burden of showing that the fee was not "expressly authorized" by the underlying contract.[3]

---

[3] Alleman further argues that Defendant has "disclaimed knowledge of any facts which would support this affirmative defense." (Reply at 5.) Alleman alleged that "[n]o agreement signed by plaintiff, and on information and belief none of the agreements that defendant seeks to enforce, provides for a fee for payment online." (Compl. ¶ 26.) Defendant answered that, "[u]pon reasonable inquiry, the knowledge and information readily available to [Defendant] renders it unable to form a belief as to" that allegation. (Ans. (Dkt. No. 16) ¶ 26.) Defendant's answer "has the effect of a denial," such that it has properly denied Alleman's allegation that the

*Washington v. Portfolio Recovery Assocs.*, 2017 WL 2958250, at *2 (N.D. Ill. July 11, 2017) (citing *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 876–77 (7th Cir. 2015) (finding that appellant "failed to carry his burden" because, at summary judgment, he "offered no evidence" that the appellee "attempted to collect a debt not authorized by the agreement" in violation of 15 U.S.C. § 1692(f)(1)).

Indeed, we find that Alleman has not shown that Rule 23's predominance requirement is met here because Alleman, and all of the putative class members, must allege and prove that their respective underlying contracts did not authorize the fees Defendant charged, Alleman alleges that there are more than 14,000 potential class members for the most expansive proposed class, (Mot. at 8), and that, to resolve their claims, a fact-finder must decide whether the fees paid by those individuals were "authorized by any contract which defendant is seeking to enforce," (Compl. ¶¶ 32, 43, 52). Alleman argues that Defendant's concern that proving the class members' claims will require analyze each individual underlying contract to determine whether its terms authorized Defendant's fees is "mere speculation." (Reply at 7.) However, it is Alleman's burden to show by a preponderance of the evidence that common questions predominate over individual questions in this proposed class action. We cannot simply assume that the underlying contracts at issue in this case are identical insofar as none of them authorize the kind of fees Defendant charged to the prospective class members. Whether those contracts authorize the fees or not is dispositive because—as Alleman recognizes—the key issue in this case is whether Defendant violated federal and state law by "charg[ing] a fee that is not authorized by the underlying contract between the consumer and the creditor." (Compl. ¶ 24.)

---

agreement she and other potential class members signed did not authorize fees of the kind collected by Defendant. Fed. R. Civ. P. 8(b)(5).

In sum, Alleman has not carried her burden to show that common questions predominate over individual questions in this proposed class action, as required by Federal Rule of Civil Procedure 23(b)(3), and we therefore deny her motion for class certification.

## CONCLUSION

For the above reasons, Alleman's motion for class certification is denied. The status hearing currently scheduled for April 25, 2019 remains set. At that time, the parties shall be prepared to present their proposal for further proceedings in this matter. It is so ordered.

                                                                                                                                              _____
                                                                                                                                               Honorable Marvin E. Aspen
                                                                                                                                               United States District Judge

Dated: April 2, 2019
       Chicago, Illinois